LAKELAND PARKS, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. WASHINGTON TOWNSHIP, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, WASHINGTON TOWNSHIP COMMITTEE AND WASHINGTON TOWNSHIP PLANNING BOARD, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 13, 1976—Decided January 25, 1977.

530

Before Judges CARTON, KOLE and LARNER.

*Mr. Richard L. Zucker* argued the cause for appellant (*Messrs Lasser, Lasser, Sarokin & Hochman,* attorneys).

*Mr. Harry K. Seybolt* argued the cause for respondents Washington Township and Washington Township Committee (*Messrs. Schumann & Seybolt,* attorneys; *Mr. Robert L. Schumann,* on the brief).

*Mr. Richard Dieterly* argued the cause for respondent Washington Township Planning Board (*Messrs. Gebhardt & Kiefer,* attorneys).

The opinion of the court was delivered by

LARNER, J. A. D. Plaintiff Lakeland Parks, Inc. (Lakeland) owns a 63-acre tract of land in Washington Township which is bounded on the north by Asbury-Anderson Road, on the east by Route 31 and on the west by Bryants Road. In June 1974 Lakeland filed with the municipal planning board a plat of a proposed subdivision of two adjoining lots in the tract fronting on Bryants Road with each having a frontage of 175 feet and a depth of 230 feet, with the remainder of the tract left intact as depicted on the filed plat. The applicant sought a classification of the subdivision as "minor" under the applicable ordinance provision.

The planning board classified the subdivision as "major" and therefore subject to other ordinance and statutory regulations, basing its conclusion on the ground expressed in its minutes to the effect that "this subdivision can adversely affect the remainder of the parcel and adjoining property and that the granting of this subdivision without widening Bryants Road to its juncture with Asbury-Anderson Road would create a hazardous condition in case of fire or other emergency".

The owner's appeal to the governing body resulted in an affirmance of the "major" classification. The resolution of the township committee articulated the reasons for this classification as (1) the need for widening and paving of Bryants Road, and that without such "improvements" it would not be of sufficient width to provide for prospective traffic or reasonable access for fire fighting equipment; (2)

the proposed subdivision would involve the extension of municipal facilities and would conflict with the ordinance provisions "requiring the promotion of the public health, safety and general welfare"; (3) the proposed subdivision would adversely affect the development of the remainder of the parcel in that it would limit the design layout of future interior streets and drainage easements.

Upon this denial of a "minor" classification, Lakeland filed an action in lieu of prerogative writs seeking a reversal of the municipal action and a declaration that the proposed subdivision is "minor" and exempt under *N. J. S. A.* 40:55–1.14 and Article IV of the local subdivision ordinance. In addition it sought mandamus to compel the municipality to widen and pave Bryants Road and further included a count for monetary damages.

The trial judge heard the matter on the record before the planning board and entered judgment in favor of defendants on all counts. The judge minimized the claim of the subdivision's adverse effect upon the remainder of the acreage as well as the effect, if any, of the drainage which is produced by the subdivision of two lots and the possible construction of two homes thereon. Focusing his findings on the prime question of the classification of the subdivision, the judge determined that it was a major subdivision because "it [Bryants Road] has not been conclusively established as an existing street," and that it would thus "require the extension of municipal facilities" . . . "at the present state it would have to be extended and improved." Lakeland appeals from this determination.

Pursuant to the authority granted by *N. J. S. A.* 40:55–1.14 Washington Township adopted a subdivision ordinance which incorporated a provision for the exemption of minor subdivisions from its requirement. Article IV defines a minor subdivision as:

Any subdivision containing not more than three lots fronting on an existing street, not involving any new street or the extension of municipal facilities and not adversely affecting the development of

the remainder of the parcel or adjoining property, and not in conflict with any provision or portion of the master plan, official map, zoning ordinance or this ordinance.

\* \* \* \* \* \* \* \*

Where a subdivision is classified as minor, the planning board is granted the power to approve the same. If the planning board classifies the subdivision as major, the procedure is outlined for preliminary and final approval through recommendation by the planning board and final action by the governing body of the municipality.

▇ The pattern of the state and local legislation demonstrates that if a subdivision qualifies as a minor one under the ordinance definition, it is exempt from the rigors and conditions which may be imposed upon a developer engaged in a more substantial project involving a major subdivision.[1] See *Princeton Res. Lands v. Princeton Tp. Plan. Bd.,* 112 *N. J. Super.* 467 (App. Div.), certif. den. 57 *N. J.* 291 (1970); *Kotlarich v. Ramsey,* 51 *N. J. Super.* 520, 531 (App. Div. 1958). The function of the planning board in this case was limited to the question of classification, and if the subdivision qualified as a minor one, it was its mandatory duty to classify it as such. It had no discretionary power to grant or reject the subdivision for any other reasons. Exemption as a minor subdivision constitutes automatic approval. *Princeton, supra,* 112 *N. J. Super.* at 473.

As a consequence, the sole question on the issue of classification is whether the applicant satisfied the criteria established by the municipality in its own ordinance for the exempt category of subdivisions.

▇ It is manifest that the application does not involve more than three lots and that it is not in conflict with any provision of the master plan, official map, the zoning ordinance in effect at the time or the pertinent provisions of

---

[1] The Municipal Land Use Law (*N. J. S. A.* 40:55D-1 *et seq.*), effective August 1, 1976, does not apply herein. See *N. J. S. A.* 40:55D-47 for changes in treatment of minor subdivisions.

the subdivision ordinance. In addition, the record is clear that the applicant submitted evidence of satisfactory percolation as required by Article IV.[2]

■ As noted, the township committee founded its classification decision upon the conclusion that the future need for widening and paving of Bryants Road would involve the extention of municipal facilities and would adversely affect the development of the remainder of the 63-acre tract owned by Lakeland. In agreement with the view of the trial judge, we find that the conclusion of the township committee that the subdivision of two lots fronting on Bryants Road would adversely affect the development of the remainder of the parcel has no factual basis in the record. Such a subdivision could not possibly affect in an adverse manner the development of the remainder of the tract. Such future development may be adjusted as necessary to harmonize with this minimal subdivision. As of the present, there is no impediment created by this application which would in any way prevent the planning of the subdivision of the entire tract and the creation of interior streets and modes of ingress and egress to existing arteries. The township's finding as to this criterion is clearly arbitrary and capricious.

The only debatable issues therefore are whether Bryants Road is an "existing street," whether the need of future improvement of that street is an "extension of municipal facilities," and whether the narrowness of the road producing difficulties for fire-fighting equipment to turn around therein are a valid reason for refusal to classify the subdivision as a minor one.

■ The record adequately supports the conclusion that Bryants Road is a municipal street. It is designated as

---

[2]The finding of the township committee that the subdivision fails to qualify as a minor one because "it would be in conflict with those provisions of the subdivision ordinance and zoning ordinance requiring the promotion of the public health, safety and general welfare" is pure general window-dressing without legal significance as a valid ground for denial of exemption.

such on the municipal tax map. Physically, it is laid out as a street, albeit only 15 feet wide, with a dirt and stone surface. Not only did Lakeland's engineer testify that it is a municipal road, but the municipal engineer also noted that Bryants Road is an existing municipal street. One of the members of the planning board also stated that she knows it to be a "municipal road." In fact, there was no evidence to the contrary produced by the municipality at any stage of the proceedings. Yet, the trial judge, without evidential support, offered the opinion that "it has not been conclusively established as an existing street."

In our opinion, the record amply supports the conclusion that Bryants Road is an existing municipal street viewed from the evidence, the definition in Article IV, par. 14 of the subdivision ordinance, and the absence of any contrary proofs by the municipality. The doubt harbored by the trial judge has no justifiable basis.

We note at this point that Lakeland, in the testimony before the planning board and in its sketch plat, has offered to dedicate to the municipality, without compensation, a strip of land 25 feet wide fronting on Bryants Road for the purpose of facilitating the future widening of that road from the present 15 feet to 40 feet. Despite this, the municipality insists upon classifying the two lot subdivision as major in order to be able to shift the cost of improving the road by making that a condition of approval of a major subdivision. This motivation for the classification conclusion is crystal clear from the comments of the municipal officials during the planning board hearing.

 Furthermore, a serious constitutional question arises whether the municipality can compel the owner of the two lots sought to be subdivided to assume the cost of paving and widening that portion of Bryants Road which does not bear "a rational nexus to the needs created by, and benefits conferred upon" this minor subdivision. See *Divan Builders v. Wayne Tp. Planning Bd., 66 N. J. 582,*

600 (1975); *Brazer v. Mountainside,* 55 *N. J.* 456, 466 (1970); *Longridge Builders, Inc. v. Princeton Tp. Planning Bd.,* 52 *N. J.* 348, 350 (1968); *Lake Intervale Homes, Inc. v. Parsippany-Troy Hills,* 28 *N. J.* 423, 441–443 (1958). The municipality has other legitimate means of recouping the cost of such improvement through general taxation, through assessment as a local improvement under *N. J. S. A.* 40:56–1 *et seq.,* or possibly through equitable apportionment of cost as a condition of a major subdivision of the remainder of the tract. It does not, however, have the right or power to use indirect pressure by the denial of exempt status which may be otherwise dictated under its own ordinance.

In any event, the denial of classification as an exempt subdivision cannot be justified unless the future need for paving and widening of the road can be construed as an "extension of municipal facilities" under Article IV of the ordinance. The trial judge considered the road improvements as such and therefore affirmed the denial of the exempt classification.

It serves no gainful purpose to engage in a semantic discussion of the meaning of the term "extension," as suggested by the briefs of both parties. Obviously, it is a flexible term deriving its meaning from the context of the subject matter involved. In our view, the negative criterion referring to "extension of facilities" in the ordinance in question does not import the meaning ascribed to it by the township.

The paving and widening of an existing roadbed is but an improvement of that road and is not within the contemplation of the ordinance language, which is designed to connote facilities, such as water or sewer lines. Not only is a road or street normally not defined as a municipal facility as such, but in the context of this legislation the juxtaposition of "any new street" with "extension of municipal facilities" reveals a legislative intent that "facilities" are not equated with streets. The totality of the pertinent clause points to nonqualification for exempt status when a new street is in-

volved or when the municipality must undertake the extension of other municipal facilities. If the author of the ordinance intended that the extension or widening of a street would also exclude exemption, such a proviso would have been stated simply in the language of "streets" and not "facilities." The contrasting language reflects a different meaning ascribed to "facilities" than "street." In the context of the subject matter and language of this ordinance, it is our view that "extension of facilities" does not include the improvement of a road by paving or widening.

A final justification for denial of exempt status asserted by the township is the fire fighting problem which may occur if the street remains in its present condition. It is claimed that in addition to the criteria for exempt status contained in its own ordinance, the municipality may deny exempt classification on a finding of difficulty of access of equipment pursuant to the authority of *N. J. S. A.* 40:55–1.20.

Our analysis of the statutory provisions relating to subdivisions leads us to the conclusion that the permissible conditions for the approval of a subdivision contained in *N. J. S. A.* 40:55–1.20 are only applicable to approval of a major subdivision after classification as such by the municipality. The cited statute has no relevancy or application to the preliminary process of mere classification or the decision whether to classify a subdivision as minor and exempt. See *Kotlarich v. Ramsey, supra,* 51 *N. J. Super.* at 527.

The classification process is a preliminary step in municipalities which have adopted an ordinance pursuant to the authority of *N. J. S. A.* 40:55–1.14, such as the ordinance in Washington Township. The state statute authorizes a class of subdivisions which is "exempt from the requirement of local municipal approval." When a municipality by its local law does create such an exempt class, it is truly exempt from approval and regulation, except as to the criteria which that local law establishes for exemption.

By the same token, if a subdivision qualifies under the ordinance and is exempt from municipal approval, all

the other statutory provisions relating to permissible conditions for approval of subdivisions, and particularly *N. J. S. A.* 40:55–1.20, are applicable only to major subdivisions. Manifestly, if a subdivision is exempt it is not subject to the conditions which may be imposed by virtue of statutes or ordinances. Exemption means just that. *N. J. S. A.* 40:55–1.20 is but one of the statutory provisions for the procedure pertinent to major subdivisions leading to tentative approval of the subdivision and plat and ultimately final approval thereof. In *Brazer v. Mountainside, supra,* the Supreme Court observed in a footnote:

> It seems clear that the legislature, in adopting the subdivision regulation provisions of the Planning Act, especially *N. J. S. A.* 40:55–1.14 to –1.22, had primarily in mind large scale developments of sizable tracts of vacant land, requiring numerous interior streets, utilities and other improvements, without adequate provision for which the impact upon ultimate lot purchasers and the community as a whole would be very great. Indeed, the act flatly says that a subdivision is not subject to regulation when no new streets or roads are involved, *N. J. S. A.* 40:55–1.2, and authorizes the local ordinance to exempt from the requirement of approval, installation of improvements and the like, "subdivisions wherein the number of new lots is less than a designated number, or plats that do not involve new streets or such other classes of subdivisions as such ordinance shall designate." * * * [55 *N. J.* at 466, n. 4][3]

In view of the foregoing, we conclude that Lakeland complied with all the criteria of the ordinance so as to be ex-

---

[3]We have considered the contrary statements contained in dicta in *Kotlarich v. Ramsey, supra,* 51 *N. J. Super.* at 528; *Stoker v. Irvington,* 71 *N. J. Super.* 370, 382 (Law Div. 1961) and *Princeton Res. Lands v. Princeton Tp. Plan. Bd., supra,* 112 *N. J. Super.* at 474. Our analysis of the statutes and the Supreme Court discussion in the *Brazer* opinion convinces us that the statements in those cases are not controlling.

*Noble v. Mendham Tp. Chmn. and Tp. Comm.,* 91 *N. J. Super.* 111 (App. Div.), certif. den. 48 *N. J.* 120 (1966), so far as it relates to the issue of a minor subdivision, is distinguishable because the ordinance amendment provided that one of the criteria for exemption is that the lots to be subdivided "front on an existing improved street and all of which are adequately drained." The ordinance involved herein does not contain such a requirement.

empt from classification of its lots as a major subdivision. The act of the planning board, as affirmed by the township committee, in denying exempt status classification was arbitrary. The judgment below is reversed and remanded to enter judgment in favor of plaintiff directing the planning board to classify the subdivision as minor and exempt.

We have considered the other grounds of appeal relating to the second count (damages) and third count of the complaint (*mandamus* to compel the road improvement by the municipality) and find them to be without merit. The judgment is affirmed as to those counts.

We note that Lakeland has made some reference in its reply brief to an amendment of the zoning ordinance. Since this amendment and the issues created thereby were not before the trial court nor argued by the township on appeal, we do not express any opinion thereon.